JORDAN HAMM SPENCER v. THE STATE.

No. 18572. Delivered January 13, 1937.
Rehearing Denied February 10, 1937.

The opinion states the case.

B. D. Paschal, J. H. McNicol, and Baskett & Parks, all of Dallas, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for fourteen years.

The count of the indictment under which appellant was convicted charged, in substance, that appellant assaulted, ravished and had carnal knowledge of Dorothy Bremyer, a female under the age of eighteen years, she not being the wife of the appellant.

Prosecutrix was under fourteen years of age on the date of the alleged assault. She testified, in substance, as follows: She and her mother and appellant (her stepfather) lived in a small filling station, consisting of a bedroom, a small pantry and a back porch. On the night of the 11th of December, 1934, while she and appellant were together in the bedroom, appellant placed her on the bed, and had an act of sexual intercourse with her. She bled to some extent. Her mother came into the room shortly after the occurrence, but she made no report of the matter to her. Several months later she told Mrs. J. A. Young about the assault.

Mrs. Young testified that prosecutrix came to work for her on the 2nd of July, 1935, and that several days later she told her of appellant's misconduct. Mrs. Young immediately called appellant's filling station. Appellant answered the 'phone and she advised him that she wanted to speak to the mother of prosecutrix. At this juncture we quote from her testimony, as follows: "He (referring to appellant) called me and he said: 'Mrs. Young, what's the matter?' and I said: 'Don't come down here; I want the child's mother.' He said: 'Is that a normal menstruation?' He said: 'Is that a normal period?' And I said: 'I don't care to discuss the body with you at all. Do not come to my house.'" Mrs. Young testified further that appellant and his wife came to her home about five minutes after she talked to appellant over the 'phone. As appellant entered the door the witness stated to him that she had asked him not to come to her home. Again, we quote from her testimony: "He (appellant) put up his hands and said, 'What's the matter?' I said, 'Well, Dorothy wants to talk to her mother about what you have done to her.' He threw up his hands and said: 'My God, my God, don't believe a word they tell. They are going to frame me. I told you all along they were going to accuse me

of raping Dorothy.'" According to the testimony of the witness, appellant had not been advised at the time she conversed with him on the telephone that prosecutrix had accused him of raping her. Nor did the witness tell him when he entered her house that such an accusation had been made.

In July, 1935, prosecutrix was examined by a physician. He testified that she was small physically but well developed sexually. He said: "I did not see any hymen or maindenhead. I don't remember seeing any tags. * * * If a female has a hymen and has an act of carnal intercourse the result will be to rupture the hymen. * * * My testimony is that her hymen was destroyed." He testified further that he could not tell whether the hymen had been destroyed by an act of intercourse or as a result of self-abuse, accident or exercise.

Testifying in his own behalf, appellant denied that he had had sexual relations with prosecutrix. The mother of prosecutrix testified that if there had been any mistreatment of prosecutrix on the occasion in question she would have known it, as she was in a position to hear the slightest sound.

Several witnesses testified that appellant's reputation as a peaceable and law-abiding citizen was good.

The evidence is deemed sufficient.

We think the trial court properly admitted the testimony of prosecutrix to the effect that a few hours before the assault appellant placed his hand on her female organ.

A careful examination of the record leads us to the conclusion that error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—If we understand appellant's motion, he complains throughout that the testimony is not sufficient to support the conviction. The sufficiency of the testimony and the weight to be given to the evidence is by statute put within the province of the jury to decide. They have decided same in this case against appellant. Looking again to the testimony, we observe that the girl testified that appellant had intercourse with her. He denied this. We can not take this

question away from the jury. There is evidence which, if believed, would justify the conviction.

The motion for rehearing is overruled.

*Overruled.*